
**"UNDER SEAL"**

FILED
CHARLOTTE, NC

NOV 15 2022

US DISTRICT COURT
WESTERN DISTRICT OF NC

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:22CR268 |
| | ) | |
| v. | ) | **BILL OF INDICTMENT** |
| | ) | |
| | ) | Violations: |
| KIARA PADGETT | ) | 18 U.S.C. § 1349 |
| | ) | 18 U.S.C. § 1709 |
| | ) | |
| | ) | |

**THE GRAND JURY CHARGES:**

At the specified times and at all relevant times:

## INTRODUCTION

1. Defendant KIARA PADGETT was a resident of Waxhaw and Kings Mountain, North Carolina and was an employee of the U.S. Postal Service. PADGETT was a mail carrier with a postal route in west Charlotte, North Carolina.

2. Beginning by at least August 2021 and continuing through the date of this Indictment, PADGETT, and others known and unknown to the Grand Jury, engaged in a bank fraud conspiracy in the Western District of North Carolina, and elsewhere. PADGETT used her position as a U.S. Postal Service letter carrier to steal incoming and outgoing checks from her postal route in west Charlotte. PADGETT sold the stolen checks to others, including to individuals in Charlotte, North Carolina and in Maryland. The total face value of the checks stolen by PADGETT that were subsequently sold and provided to others was more than $8.3 million.

## The Bank Fraud Conspiracy

3. Beginning in at least August 2021, PADGETT, and others known and unknown to the Grand Jury, engaged in a scheme and artifice to obtain funds under the custody and control of financial institutions by stealing checks, including from the U.S. Postal Service, resulting in attempted losses of over $8.3 million to banks and account holders.

4. PADGETT stole checks that she obtained from her postal route. For example:
   a. In or about October 2021, PADGETT stole a check for $2,691.00 written on the account of the United States Treasury and made payable to Victim R.F. located on

her postal route.

b. In or about November 2021, PADGETT stole a check for $29,906.00 written on the account of the United States Treasury and made payable to Victim Company F.C. located on her postal route.

c. In or about March 2022, PADGETT stole a check for $5,000.00 made payable to Victim Company G.M. located on her postal route.

d. In or about March 2022, PADGETT stole a check for $2,660.19 written on the account of Victim Company H.M. located on her postal route.

e. In or about March 2022, PADGETT stole a check for $2,870.98 payable to Victim Company K.G. located on her postal route.

f. In or about March 2022, PADGETT stole a check for $6,732.20 payable to Victim Company P.P. located on her postal route.

g. In or about March 2022, PADGETT stole a check for $3,320.75 payable to Victim Company S.B. located on her postal route.

h. In or about March 2022, PADGETT stole a check for $6,420.00 payable to Victim Company C.I. located on her postal route.

i. In or about April 2022, PADGETT stole a check for $10,199.41 written on the account of the United States Treasury and made payable to Victim Company M.C. located on her postal route.

j. In or about June 2022, PADGETT stole a check for $2,497.94 made payable to Victim Company C.F. located on her postal route.

5. Co-conspirators, known and unknown to the Grand Jury, opened bank accounts at financial institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation (FDIC) and the National Credit Union Share Insurance Fund, including Truist, Bank of America, Wells Fargo, Bank of the Ozarks, and Navy Federal Credit Union (NFCU) (the Victim Financial Institutions) in the names of identity theft victims and in the names of other co-conspirators. Co-conspirators, known and unknown to the Grand Jury, deposited the stolen checks into these accounts and withdrew the funds as cash. For example, on or about the dates described below, co-conspirators, known to the Grand Jury, deposited the stolen checks as described below:

|    | Date | Description of Check | Where deposited |
| --- | --- | --- | --- |
| a. | 10/22/2021 | Stolen U.S. Treasury check for $2,691.00 made payable to Victim R.F. | NFCU account in Maryland |
| b. | 11/16/2021 | Stolen U.S. Treasury check for $29,906.00 made payable to Victim Company F.C. | NFCU account in Maryland |

|    | Date      | Description of Check | Where deposited |
|----|-----------|----------------------|-----------------|
| c. | 3/17/2022 | Stolen check for $5,000 made payable to Victim Company G.P. | ATM in Charlotte, NC |
| d. | 3/18/2022 | Stolen check for $2,660.19 made payable to Victim Company D.I. | ATM in Charlotte, NC |
| e. | 3/18/2022 | Stolen check for $2,870.98 made payable to Victim Company K.G. | ATM in Charlotte, NC |
| f. | 3/21/2022 | Stolen check for $3,320.75 made payable to Victim Company S.B. | ATM in Charlotte, NC |
| g. | 3/21/2022 | Stolen check for $6,732.20 made payable to Victim Company P.P. | ATM in Charlotte, NC |
| h. | 3/23/2022 | Stolen check for $6,420.00 made payable to Victim Company C.I. | ATM in Charlotte, NC |
| i. | 4/19/2022 | Stolen U.S. Treasury check for $10,199.41 made payable to Victim Company M.C. | NFCU account in Maryland |

6. Co-conspirators, known and unknown to the Grand Jury, made payments to PADGETT for the stolen checks. For example:

a. Between August 2021 and June 2022, a co-conspirator sent PADGETT payments totaling $13,698.00 through the Zelle payment application. Some of the payments made to PADGETT came from the same NFCU account where stolen checks had been deposited.

## COUNT ONE
(Conspiracy to Commit Bank Fraud – 18 U.S.C. § 1349)

7. The Grand Jury realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 6 of the Bill of Indictment, and further alleges that:

8. From in or about August 2021 to the date of this Bill of Indictment, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendant,

### KIARA PADGETT

did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to engage in a scheme and artifice to obtain money, funds, or credits under the custody and control of financial institutions, by means of materially false and fraudulent pretenses, representations and promises, to wit, bank fraud, in violation of Title 18, United States Code, Section 1344.

### Object of the Conspiracy

9. *Financial Institution Fraud:* It was a part and an object of the conspiracy that PADGETT and her co-conspirators, would and did execute and attempt to execute, the above-described scheme and artifice to obtain moneys owned by, or in the custody or control of, one or more of the Victim Financial Institutions, by means of materially false and fraudulent pretenses, representations, and promises in violation of Title 18, United States Code, Section 1344(2).

### Manner and Means

10. PADGETT and her co-conspirators carried out the conspiracy in the manner and means as set forth in paragraphs 1 through 6 above, among others.

All in violation of Title 18, United States Code, Section 1349.

# COUNTS TWO THROUGH ELEVEN
## 18 U.S.C. § 1709
### (Theft of Mail by Postal Employee)

11. The Grand Jury realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 6 of the Bill of Indictment, and further alleges that:

12. On or about the dates set forth below, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendant,

## KIARA PADGETT,

a United States Postal Service employee, did embezzle, steal, abstract, or remove a letter, postal card, package, bag, or mail or any article or thing contained therein, as described below, which had been entrusted to the defendant or which had come into the defendant's possession intended to be conveyed by mail or carried or delivered by any carrier, messenger, agent, or other person employed in any department of the Postal Service:

| COUNT | Date | Stolen Check |
|---|---|---|
| Two | 10/22/2021 | Stolen U.S. Treasury check for $2,691.00 made payable to Victim R.F. |
| Three | 11/16/2021 | Stolen U.S. Treasury check for $29,906.00 made payable to Victim Company F.C. |
| Four | 3/17/2022 | Stolen check for $5,000 made payable to Victim Company G.P. |
| Five | 3/18/2022 | Stolen check for $2,660.19 made payable to Victim Company D.I. |
| Six | 3/18/2022 | Stolen check for $2,870.98 made payable to Victim Company K.G. |
| Seven | 3/21/2022 | Stolen check for $3,320.75 made payable to Victim Company S.B. |
| Eight | 3/21/2022 | Stolen check for $6,732.20 made payable to Victim Company P.P. |
| Nine | 3/23/2022 | Stolen check for $6,420.00 made payable to Victim Company C.I. |
| Ten | 4/19/2022 | Stolen U.S. Treasury check for $10,199.41 made payable to Victim Company M.C. |
| Eleven | 5/26/2022 | Check to Victim Company C.F. for $2,497.94 |

All in violation of Title 18, United States Code, Sections 1709 and 2.

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982 and/or 2461(c):

    a. All property which constitutes or is derived from proceeds of the violations set forth in this Bill of Indictment; and

    b. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a).

The Grand Jury finds probable cause that the following property is subject to forfeiture on one or more of the grounds set forth above: a forfeiture money judgment in the amount of at least $13,698, such amount constituting the proceeds of the offenses set forth herein.

**A TRUE BILL:**

FOREPERSON

DENA J. KING
UNITED STATES ATTORNEY

JENNY GRUS SUGAR
ASSISTANT UNITED STATES ATTORNEY

6